IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| **FRANKLIN ALLEN** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Division |
| ) | |
| **WAYNE BRYERS**, ) | |
| Serve at: ) | |
| 4219 South Benton ) | |
| Kansas City, Missouri 64130 ) | |
| ) | |
| and ) | |
| ) | |
| **ATAIN SPECIALTY INSURANCE** ) | |
| **COMPANY**, ) | |
| Serve: ) | |
| John M. Huff, Director of Insurance ) | |
| 301 W. High St., Room 530 ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendants. ) | |

**PETITION FOR DECLARATORY JUDGMENT**

**COMES NOW** Plaintiff Franklin Allen, by and through counsel, and for his cause of action against Defendants, states and alleges as follows:

**Form of The Pleading**

This is a Request for Declaratory Judgment ("DJ") against Defendant ATAIN Specialty Insurance Company ("Atain") pursuant to Missouri Supreme Court Rule 87.01, et seq. (Declaratory Judgments) and Mo. Rev. State. § 527.010 et seq. (the Uniform Declaratory Judgment Act) for determination of the parties' rights and obligations under a commercial general liability policy issued by ATAIN to "John Frank DBA The Sheridan Apartments"

Petition for Declaratory Judgment, pg. 1

("Atain Policy") who owns the Sheridan Apartments, who purchased the liability insurance issued by Defendant ATAIN and who employed Defendant Bryers and/or possessed the authority to control the actions of Defendant Wayne Bryers.

## PARTIES

1. Plaintiff Franklin Allen is an adult individual residing in Kansas City, Jackson County, Missouri who was the unintended victim of a unintentional, accidental and/or negligent discharge of a handgun that occurred on the premises of the apartment complex known as the Sheridan Apartments on/or about June 10, 2012.

2. Defendant Atain is a foreign insurance company with its principle place of business in the State of Michigan, and was previously organized and operated under the name "USF Insurance Company."

3. Defendant Wayne Bryers is an adult individual residing in Kansas City, Jackson County, Missouri and at all times was the agent and/or employee of Atain's policyholder John Frank concerning the management of the Sheridan Apartment complex.

## JURISDICTION AND VENUE IS CONTROLLED UNDER THE "SERVICE OF SUIT ENDORSEMENT" CONTAINED IN THE ATAIN POLICY

4. Jurisdiction and venue are proper in this Court because the acts, omissions, and occurrences giving rise to this matter arose in the State of Missouri, in Jackson County, and because one or more of the defendants is a citizen of and/or does business in Jackson County, Missouri.

5. Jurisdiction and venue in this Court is also required under the "Service of Suit Endorsement" contained in the Atain Policy that provides in relevant part:

> "It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the Company, **at the request of the Insured, will submit to the**

**jurisdiction of any court of competent jurisdiction within the United States of America** or Canada and will comply with all requirements necessary to give such Court Jurisdiction and all matters arising hereunder shall be determined in accordance with the law and the practice of such Court."

"Service of Suit Endorsement" (emphasis added).

6. Prior to the filing of this suit Atain's Insured Wayne Bryers, by and through his attorney Joseph Fridkin, gave specific instruction to Atain to submit to jurisdiction and venue in Jackson County, Missouri Circuit Court in all proceedings involving Mr. Bryers.

7. Therefore Atain is precluded from contesting jurisdiction and venue in this matter.

## UNDERLYING FACTS

8. On June 10, 2012, Franklin Allen was on the premises of The Sheridan Apartments when he sustained a permanent and disabling spinal cord injury as a result of the negligent discharge of a weapon carried by Wayne Bryers, the property manager for the Sheridan Apartment complex.

9. After being notified of a claim by plaintiff against Atain's insured and its policyholder, Atain issued a reservation of rights letter ("ROR") on September 12, 2012 denying any and all coverage and on October 22, 2012 filed a Complaint for DJ at the federal District Court for Western Missouri ("WDMO") seeking a declaration of non- coverage.

10. On December 4, 2012, Allen filed a Petition for Damages in the Circuit Court of Jackson County, Missouri, alleging a negligence cause of action arising out of the unintentional and accidental discharge of a handgun by Wayne Bryers while Mr. Bryers was acting in the course and scope of his employment with Atain's policyholder John Frank. ("Underlying Lawsuit").

Electronically Filed - Jackson - Kansas City - October 28, 2015 - 03:58 PM

11. On April 22, 2013, the Trial Court heard evidence in the aforesaid personal injury action and on April 30th, 2013 entered a judgment in favor of plaintiff and against defendant Bryers finding that Wayne Bryers, while in the course and scope of his employment with Atain's policyholder, negligently rendered Franklin Allen a paraplegic and assessed Allen's damages at $16,000,000.

12. The Trial Court's determination of liability and damages was preceded by Atain being afforded the opportunity to control the litigation against its insured and Atain forfeiting that opportunity by unjustifiably refusing to defend its Insured when Atain issued its ROR letter and filed in complaint for DJ at the WDMO wherein Atain wrongly claimed that Allen's injury was not caused by Wayne Bryers' negligence. The Trial Court's Judgment states:

> "[T]hat at the time of Bryers' discharge of the handgun that . . . Bryers was acting within the course and scope of his employment . . . ; **Bryers' discharge of the handgun acquired at the direction of his employer was unintentional, accidental, and the product of negligence**; Bryers's actions that resulted in the discharge of the handgun were not the product of an assault, battery, or any intentional act; and that **Bryers's attempted use of force was not excessive or unreasonable, but instead, merely negligent**."

13. Prior to Allen filing the Underlying Lawsuit, Atain's counsel solicited, received and rejected a demand to settle all claims against Atain for the available Atain policy limits.

14. Atain rejected Allen's offer to settle his claims against Atain for the available Atain policy limits based on Atain's errant contentions delineated in its ROR letter and its DJ action.

15. Subsequent to the filing of the Underlying Lawsuit" wherein Allen's claims were limited to allegations of negligence and did not allege any intentional or expected act, Atain failed to withdraw its qualified defense and tender its Insured a defense to Bryeyers without reservation.

16. After being notified by Atain that it was denying all coverage under the policy to defendant Bryers, Breyers and plaintiff entered into a Section 537.065 agreement.

17. On November 28, 2013 Atain removed Allen's original DJ action after "misleading the Court" so as to create diversity jurisdiction:

> "On November 28, 2013, **after misleading the Court and counsel as to the reason Atain was seeking to realign the parties in the present Declaratory Judgment ("DJ") action** that was filed by Franklin Allen, counsel for Atain removed the present DJ action to the U.S. District Court in Kansas City, Missouri . . ."

18. Prior to improperly removing Allen's original DJ action, Atain admitted through an affidavit from its counsel that Atain issued its ROR letter and filed its DJ action at the WDMO without having essential facts and with no investigation or discovery having been completed prior to Atain's refusals to provide a defend its Insured.

## Declarations Sought In This Proceeding

## Count I

## Breach of the Duty to Defend

Plaintiff seeks an order from the Court declaring as a matter of law:

19. That the judgment in the Underlying Lawsuit is final;

20. That defendant Wayne Bryers is an insured under the Atain policy;

21. That Wayne Bryers is liable to plaintiff for the damages awarded to plaintiff in the Underlying Lawsuit;

22. That the findings of the Trial Court when applied to the Atain policy prove that Atain owes a duty of indemnity to Wayne Bryers for the damages suffered by Franklin Allen;

23. That Atain wrongly refused to defend Wayne Bryers in the Underlying Lawsuit;

24. That Atain's wrongful refusal to defend Wayne Bryers resulted in a breach of the contractual duty to defend under the insurance contract.

25. That Atain had the opportunity to control the underlying claim and lawsuit but chose to waive that opportunity and rely on its policy defenses;

26. That having breached its contractual duty to defend, Atain is precluded from raising any defenses to the Underlying Lawsuit and from raising any defenses of non-coverage in any indemnity action;

27. That as a result of its wrongful refusal to defend and having had the opportunity to control the litigation, Atain is liable to indemnify Wayne Bryers for the full amount of the underlying judgment;

28. That plaintiff and Defendant Bryers have entered into a Section 537.065 agreement and

29. That Atain's dealings throughout the litigation arising from the June 10, 2012 incident are tantamount to bad faith.

## Count II

### Breach Of The Fiduciary Duty To The Insured

30. Plaintiff incorporates all factual allegations in paragraphs 1-29.

31. Defendant Bryers has assigned his rights under the Atain policy to plaintiff.

Plaintiff seeks the order of the Court declaring as a matter of law:

35. That at the time Atain solicited and received a settlement demand from plaintiff Atain controlled the litigation involving its insured including settlement;

36. That plaintiff made a settlement demand within the policy limits of Atain's policy;

36. That Atain refused to settle the claim within the policy limits and

37. That Atain's refusal was a breach of its fiduciary duty owed to its Insured Wayne Bryers and thereby constituted a bad faith refusal to settle.

**W**HEREFORE, Plaintiff Allen prays the Court determine in this declaratory judgment that the Atain Policy provided indemnification to Defendant Wayne Bryers for the Underlying Judgment entered against him on April 30th, 2013 and that Atain is liable for the amount of the underlying judgment in excess of its policy limits by reason of its bad faith refusal to settle the claim within its policy limits and all other relief the Court deems just and proper.

**G. MICHAEL FATALL, LLC**.

/s/ G. Michael Fatall
G. MICHAEL FATALL # 20436
10401 Holmes Rd., Ste. 490
Kansas City, MO 64131
(816)471-6444  FAX (816) 471-6664
gfatall@ssfs.com
ATTORNEYS FOR PLAINTIFFS