UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| FRANKLIN ALLEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:15-cv-00975-NKL |
| ATAIN SPECIALTY INSURANCE CO. and WAYNE BRYERS, | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

For the reasons set forth below, the Court dismisses this case as a parallel proceeding, consistent with its order of dismissal in *Allen et al v. Atain Specialty Insurance Company et al*, 6:13-cv-03448-NKL, Doc. 57.

**I.      Background**

This case arose after Wayne Bryers shot Plaintiff Franklin Allen on the premises of the Sheridan Apartments. The shooting rendered Allen a paraplegic. At the time of the shooting, Bryers was employed as a security guard at the Sheridan Apartments. John Frank, the owner of the apartments, had a $1 million insurance policy with Atain Specialty Insurance Company ("Atain") that extended to cover the Sheridan Apartments and "insureds", including employees acting within the scope of their employment.

In October 2012, anticipating litigation from the shooting at the Sheridan Apartments, Atain filed a declaratory judgment action against Allen, Bryers, and Frank, before this Court ("the first federal declaratory judgment action"). Atain's complaint

1

requested a declaratory judgment that the incident at the Sheridan Apartments fell outside of the scope of the insurance policy. On December 4, 2012, Allen initiated his own declaratory judgment action against Atain and Bryers in state court ("the first state declaratory judgment action"). Allen sought a declaratory judgment that Atain had a duty to defend Bryers in an action by Allen against Bryers to recover for his injuries. After filing the first state declaratory judgment action, Allen filed a motion to dismiss the first federal declaratory judgment action due to the parallel state declaratory judgment action. This Court granted Allen's motion to dismiss the first federal declaratory judgment action on March 25, 2013. [Case No. 4:12-cv-01290-NKL, Doc. 55].

The same day Allen filed the first state declaratory judgment action, Allen filed a separate liability action against Bryers, also in state court ("the liability action"). Bryers asked Atain to defend him in the liability action, as one of the insureds covered by the Atain insurance policy. Atain declined to defend Bryers, contending that the shooting fell outside the scope of the insurance policy. Following Atain's refusal to defend Bryers, the state court found that Allen's injuries were the result of Bryers' negligence, and Allen obtained a judgment for $16 million against Bryers. Allen and Bryers entered into an agreement pursuant to section 537.065 R.S.Mo., under which Allen agreed to seek recovery from Atain for the judgment against Bryers, rather than requesting payment from Bryers himself.

In June 2013, after the state court rendered its judgment in the liability action, Allen filed a garnishment action against Atain in the Circuit Court of Jackson County, seeking to enforce the judgment he received against Bryers ("the garnishment action").

Allen subsequently agreed to stay the garnishment action in order for Atain's liability under the insurance policy to be determined in the state declaratory judgment action. After the initiation of the stay, Atain moved to realign the parties in the state declaratory judgment action. At the time of the motion to realign, the parties in state declaratory judgment action were aligned as plaintiff Allen (a citizen of Missouri) versus defendants Bryers (a citizen of Missouri), Atain (a Michigan corporation with its principal place of business in Michigan), and Frank (a citizen of California). The Circuit Court judge granted Atain's motion, realigning the parties as plaintiffs Allen and Bryers versus defendants Atain and Frank. This realignment created complete diversity among the parties and thereafter Atain removed the state declaratory judgment action to federal court pursuant to 28 U.S.C. § 1446(b)(3) ("the second federal declaratory judgment action").

Following the filing of the notice of removal in the second federal declaratory judgment action, Allen reinitiated proceedings in the garnishment action. On July 25, 2014, the Circuit Court judge entered a final judgment in the garnishment action. [Doc. 16-1]. The judge concluded that Atain was unjustified in refusing to defend Bryers in the liability action and that this wrongful refusal precludes Atain from re-litigating any of the facts determined in the liability action. The judge then found that Atain must indemnify Bryers for $16 million, the entire judgment entered against Bryers in the liability action.

On October 27, 2014, this Court granted Allen's motion to dismiss the second federal declaratory judgment action due to the existence of the parallel garnishment

3

action. [*See* 6:13-cv-03448-NKL, Doc. 57]. The Court explained its dismissal as follows:

> [I]t is clear that abstention is necessary because the state court garnishment action has for all practical purposes resolved the same issues posed here in federal court. . . . [T]he issue of the validity of the policy was raised there by Atain as an affirmative defense and given the judgment, necessarily resolved against Atain by the state judge. Under these circumstances, the only prudent thing is for the federal court to abstain. Effectively, the state court garnishment judgment and the findings necessary to support it will be res judicata here, subject only to the appeal now pending in state court. As a result the proper course is to abstain and dismiss the federal action rather than a stay, because of the likelihood the matter will be finally resolved by the Missouri appellate courts and any further action by this Court would be ministerial at most.

*Id.* At the time the Court entered this order, Atain's appeal of the Circuit Court's ruling in the garnishment action was pending before the Missouri Court of Appeals.

The Court of Appeals issued its opinion on September 15, 2015. *See Allen v. Bryers*, 2015 WL 5439944 (Mo. Ct. App. Sept. 15, 2015). Following a comprehensive review of the case, the Court of Appeals affirmed in part, reversed in part, and dismissed in part the decision of the Circuit Court in the garnishment action. The Court of Appeals affirmed the $1 million award up to the policy limit, and reversed and vacated the award in excess of the $1 million policy limit, concluding that the trial court exceeded its authority due to the limited scope of the garnishment proceeding. *Id.* at *9-11. Atain subsequently petitioned the Missouri Supreme Court for transfer to consider whether the Court of Appeals erred its decision by functionally prohibiting Atain from litigating whether the incident fell within the scope of the policy limits.

4

Case 4:15-cv-00975-NKL   Document 39   Filed 04/01/16   Page 4 of 8

After the Court of Appeals issued its decision, Allen filed this declaratory judgment action in the Circuit Court of Jackson County, Missouri, seeking a declaration that Atain breached its duty to defend and its fiduciary duty to Bryers.[1] On December 9, 2015, Atain removed that declaratory judgment action to this Court and raised a counterclaim that contends that the incident was not covered by the insurance policy.[2] The parties have filed multiple motions in this action regarding dismissal and party alignment.

On March 1, 2016, the Missouri Supreme Court granted Atain's Application for Transfer. The case is now pending before the Supreme Court and will be argued later this year.

**II. Discussion**

The Missouri Supreme Court's decision to grant the Application for Transfer means that this case is postured exactly as the prior declaratory judgment action was before the Court dismissed it for a parallel proceeding. The only difference here is that the parallel proceeding is now pending before the Missouri Supreme Court instead of the Missouri Court of Appeals. [*See* 6:13-cv-03448-NKL, Doc. 57].

---

[1] These determinations are crucial to the question of whether Atain must compensate Bryers and therefore Allen for the judgment in the liability action in excess of the $1 million policy limit.

[2] Atain's counterclaim states nine causes of action: (1) no coverage due to assault or battery, (2) no coverage due to expected or intended exclusion, (3) no coverage for Defendant Bryers because Bryers is not an insured under the Policy, (4) no coverage because claimed damages did not result from an occurrence, (5) no coverage due to material misrepresentation/rescission, (6) breach of good faith and fair dealing in making claims under the insurance policy, (7) negligent misrepresentation, (8) fraud, and (9) insurance fraud. [Doc. 6].

Atain contends that abstention is not appropriate in this case because "substantially similar issues" are not being litigated in the declaratory judgment and on appeal. *See Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009). For abstention to be appropriate, the Eighth Circuit requires not only that the state claim involve the same parties and general facts as the federal matter, but that "there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.*

The case on appeal before the Missouri Supreme Court involves the Rule 90 garnishment proceeding addressed by the Court of Appeals. Atain argues that Rule 90 garnishment actions are very narrow procedural actions which cannot fully dispose of the claims being raised in the declaratory judgment action. The Court of Appeals' opinion makes clear that the scope of Rule 90 garnishment actions is very limited. Due to these limitations, the Court of Appeals concluded that the Circuit Court had exceeded its authority in awarding Allen the $15 million over the policy limits, holding as follows:

> [T]o the extent the trial court's judgment has awarded damages against Insurer/Garnishee that arise from duties (or breach thereof) flowing between *Insurer/Garnishee* and *Bryers* instead of indemnification for damages caused by *Bryers* to *Allen*, the trial court was not authorized to award such damages in this limited statutory proceeding. Here, it is undisputed that the policy limits of liability coverage under the insurance policy was $1 million for damages caused by *Bryers* to *Allen*. Thus, any damages awarded in excess of the policy limit constitute damages for breach of duty between *Insurer/Garnishee* and *Bryers* that the trial court was not authorized to consider or award in this proceeding.

*Allen v. Bryers*, 2015 WL 5439944, at *9 (Mo. Ct. App. Sept. 15, 2015). However, the Court of Appeals went on to say that "the portion of the trial court's summary judgment

6

that assessed a garnishment in aid of execution judgment against Insurer/Garnishee up to the policy limit of $1 million is not in error and is affirmed." *Id.* at \*11.

In its Application for Transfer Atain acknowledged the effect of the Court of Appeals' decision to affirm the Circuit Court in part, noting that "[t]he Western District's Opinion hold[s] that Atain is collaterally estopped from litigating facts related to its coverage defenses . . . ." [Doc. 37-4, p. 2]. Thus, Atain appears to recognize that the Court of Appeals' decision functionally disposes of Atain's counterclaims related to the validity of the insurance contract and Atain's liability for the $1 million of the judgment falling within the policy limits. If the Missouri Supreme Court affirms the Court of Appeals, there is a substantial likelihood that the decision will fully dispose of Atain's claims in this lawsuit, all of which appear to hinge upon Atain's ability to contest the validity of the insurance policy and the $1 million judgment arising under it.

In addition to Atain's counterclaims, Allen has two pending claims in this lawsuit against Atain regarding breach of the duty to defend and breach of fiduciary duty to the insured. Allen alleges that these claims entitle him to the $15 million judgment in the liability action rendered in excess of the $1 million policy limits. The Court takes no position on whether the Missouri Supreme Court's decision is likely to dispose of these claims as both Allen and Bryers[3] have requested that this declaratory judgment action be dismissed without prejudice due to the pending appeal. These claims will either be

---

[3] Atain argues in its pending motion for realignment of the parties that Bryers should be aligned as a plaintiff in this matter, despite being aligned as a defendant in the initial filing of the declaratory judgment action in Jackson County. Regardless of Bryers' proper alignment, he has requested along with Allen that this action be dismissed without prejudice and therefore will not be prejudiced by the Court's dismissal.

7

disposed of by the Missouri Supreme Court, rendering the appeal a parallel action justifying dismissal of this case; or will not be disposed of on appeal but have been voluntarily dismissed without prejudice by Allen and Bryers.  As there is no existing judgment against Atain for the $15 million claimed in excess of the policy limits, Atain is not prejudiced by the Court's dismissal as related to Allen's claim.  As to the $1 million dollar claim on the policy limits, it would serve no purpose to have that issue pending before two courts at the same time, when the Missouri Supreme Court is the final arbiter of state law.

## III. Conclusion

For the reasons set forth above, abstention is appropriate in this case and it is dismissed without prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  April 1, 2016
Jefferson City, Missouri